UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CHRISTOPHER WHITLOCK, ET AL.** | **CIV. ACTION NO. 3:25-00280** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DAVID MONTGOMERY, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a combined Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted and a Rule 12(f) motion to strike filed by Defendants, Mastery Transportation L.L.C. and Canal Insurance Company. [doc. # 9]. The motion is opposed. For reasons set forth below, IT IS RECOMMENDED that the motion to dismiss be GRANTED. Furthermore, IT IS ORDERED that the motion to strike is DENIED.

## Background

On September 13, 2023, Christopher Whitlock ("Whitlock") was driving a 2010 Toyota Camry, owned by Sherri Barnhill ("Barnhill"), on I-20 eastbound in West Monroe, Louisiana, when he struck the rear of a dangerously slow-moving 2018 Freightliner, owned by Mastery Transportation, L.L.C. ("Mastery") and operated by Mastery's employee, David Montgomery ("Montgomery"). (Petition, ¶¶ 1-6). As a result of the collision, Whitlock suffered permanently debilitating injuries. *Id*., ¶ 11. Barnhill's Camry was "totaled." *Id*., ¶ 7.

One year later, on September 13, 2024, Whitlock filed the instant lawsuit, individually, and on behalf of his minor child, A.K., against Mastery, Montgomery, and their liability carrier,

1

Canal Insurance Company ("Canal") to recover the personal injury and loss of consortium damages that Whitlock and A.K., respectively, sustained as a result of the accident. (Petition). Furthermore, Barnhill joined as an additional plaintiff to recover damages that she suffered from the loss of her Camry. *Id.*, ¶ 7.

On March 7, 2025, Defendants, Mastery and Canal, removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[1] (Notice of Removal).

On March 20, 2025, Mastery and Canal (collectively, "Defendants") filed their responsive pleading, which they combined with the instant motions to dismiss and strike under Rules 12(b)(6) and 12(f). Defendants contend that, following 2024 legislative action, tort victims, such as Whitlock and Barnhill (collectively, "Plaintiffs"), no longer may assert a direct action against the tortfeasor's liability insurer, i.e., Canal, absent specific enumerated circumstances, none of which are present here. *See* LA. R.S. § 22:1269(B). Furthermore, because, under the amended statute, the insurer is not to be included in the caption of the suit, nor its existence disclosed to the jury, Defendants seek to strike references to Canal from the record. *See* LA. R.S. §§ 22:1269(B)(4)(a)-(b).

On April 11, 2025, Plaintiffs filed their opposition memorandum, arguing that Louisiana's Direct Action Statute provides tort victims with a substantive right and cause of

---

[1] Plaintiffs are all domiciliaries and citizens of Louisiana. (Petition, Preamble). Defendant, Montgomery, is a domiciliary and citizen of Florida. (Petition, ¶ 1). Defendant, Mastery, is a citizen of Alabama, via its sole member, Carlos Hughes. (Notice of Removal, ¶ 4). Moreover, Defendant, Canal, is a South Carolina corporation, with its principal place of business in said State. (Div. Jur. Discl. Statement [doc. # 7]). Finally, the amount in controversy plainly exceeds the jurisdictional minimum. (Notice of Removal, ¶ 6).

2

action against a tortfeasor's insurer such that the 2024 amendment cannot be applied retroactively to disturb their vested rights. (Pls. Opp. Brief [doc. # 13]). Furthermore, to do so would transgress their constitutional due process protections. *Id*.

On April 17, 2025, Defendants filed their reply brief, disputing Plaintiffs' argument that they had a vested right under the Direct Action Statute, and, instead, citing cases holding that the Direct Action Statute conferred a procedural right of action that did not accrue until suit was filed. (Defs. Reply Brief [doc. # 14]). Defendants further urged the Court to disregard Plaintiffs' due process argument because they failed to include it in a pleading and, even if they had, they did not serve the attorney general, as required by Louisiana law. *Id*.

Accordingly, the matter is ripe.

## Analysis

### I. Governing Law

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Here, neither side contests that the substantive issues raised by Defendants' motion to dismiss are governed by Louisiana law. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (deferring to the parties' agreement that Louisiana substantive law controlled); *Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245, 1250 (5th Cir. La. 1997) (applied Louisiana law where no party disputed that Louisiana law governed).[1]

---

[1] In *Jefferson*, the Fifth Circuit's decision incorporated the underlying district court opinion, 930 F. Supp. 241 (E.D. La. May 31, 1996) (Vance, J.)

To determine Louisiana law, federal courts look to the final decisions of the Louisiana Supreme Court. *Moore v. State Farm Fire & Casualty Co.*, 556 F.3d 264, 269 (5th Cir. 2009) (citation omitted). In the absence of a decision by the Louisiana Supreme Court on a given issue, federal courts are compelled to make an *Erie* guess. *In re Katrina Canal Breaches Litigation*, 495 F.3d at 206; *Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 628 (5th Cir. 2000). In so doing, the Court must use its best judgment to determine

> how [the Louisiana Supreme C]ourt would resolve the issue if presented with the same case. In making an *Erie* guess, we must employ Louisiana's civilian methodology, whereby we first examine primary sources of law: the constitution, codes, and statutes. Jurisprudence, even when it rises to the level of *jurisprudence constante*, is a secondary law source in Louisiana. Thus, although we will not disregard the decisions of Louisiana's intermediate courts unless we are convinced that the Louisiana Supreme Court would decide otherwise, we are not strictly bound by them.

*In re Katrina Canal Breaches Litigation*, 495 F.3d at 206 (internal citations and quotation marks omitted).

**II.     Motion to Dismiss**

    a)    <u>Rule 12(b)(6) Standard</u>

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." FED. R. CIV. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667-668 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the

4

reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *Iqbal,* 556 U.S. at 556. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556. Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679 (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly*, 550 U.S. at 556.

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal,* 556 U.S. at 678. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

Moreover, Rule 12(b)(6) authorizes courts to dismiss a claim on the basis of a dispositive issue of law, notwithstanding that it otherwise might be well-pleaded. *See Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989) (citations omitted); *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (citations omitted).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id*.

b) <u>Discussion</u>

Prior to August 1, 2024, Louisiana's Direct Action Statute, Louisiana Revised Statute § 22:1269, stated that an "injured person . . . shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido . . . ." In 2024, however, the Louisiana legislature passed Act 275, which amended § 22:1269(B) to read that an "injured person . . . shall have no right of direct action against the insurer unless" at least one of seven enumerated exceptions apply, none of which are applicable in this case. *See* LA. R.S. § 22:1269(B)(1). The amendment took effect on August 1, 2024. *See Baker v. Amazon Logistics, Inc.*, 751 F.Supp.3d 666, 668 (E.D. La. 2024).

Although not addressed by the parties, it is important to emphasize that Act 275 further added that,

> [i]n those instances where direct action is not otherwise authorized by law, at the time that a judgment is to be entered, or a settlement is reached during the pendency of litigation, a liability insurer may be joined on motion of any party as a party defendant for the purposes of entering final judgment or enforcing the settlement.

LA. R. S. § 22:1269(D)(1)(a). In other words, while absent an enumerated exception tort victims no longer may sue the insurer directly at the inception of a suit, tort victims nonetheless may join the tortfeasor's insurer for the purposes of entry of final judgment or enforcing a settlement.

As stated earlier, Plaintiffs contend that the 2024 amendment may not be applied retroactively to deprive them of their right to sue Canal, which vested at the time of the accident. The pertinent Louisiana Civil Code article provides that, "[i]n the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply

6

both prospectively and retroactively, unless there is a legislative expression to the contrary." LA. CIV. CODE ART. 6.[2]

In this case, Act 275 did not include an expression of the legislature's intent concerning its retroactive or prospective application. *Baker*, 751 F.Supp.3d at 671. Therefore, intent must be discerned by classifying the laws as either substantive, procedural, or interpretive. LA. CIV. CODE ART. 6; *Church Mut. Ins. Co. v. Dardar*, 145 So.3d 271, 279-280 (La. 2014). Before embarking on this inquiry, however, the courts ordinarily must determine whether application of the statute to the facts of this case qualifies as a retroactive application at all. *Id*. (citing, *inter alia*, *Walls v. American Optical Corp.,* 740 So.2d 1262, 1272–73 (La. 1999)). This is because "a law may permissibly change the future consequences of an act and even the consequences of acts committed prior to the law's enactment without operating retroactively." *Walls*, 740 So.2d at 1266 (citing 1 M. PLANIOL, *Treatise on the Civil Law,* Sec. 243 (LA. ST. L. INST. TRANS. 1959)).

To determine whether a statute operates retroactively, the Louisiana Supreme Court adopted the definition crafted by Planiol: "a law is retroactive when it goes back to the past either [1] to evaluate the conditions of the legality of an act, or [2] to modify or suppress the effects of a right already acquired. Outside of those conditions, there is no retroactivity." *Church Mut. Ins. Co.,* 145 So.3d at 280 (citing PLANIOL, *Treatise on the Civil Law* § 243 at 174).

Here, there is no indication that Act 275 evaluates the conditions of the legality of an act. Therefore, the Court proceeds to consider Planiol's second situation, which he described as

---

[2] Further, "[n]o Section of the Revised Statutes is retroactive unless it is expressly so stated." LA. R.S. § 1:2.

pertaining to the accrual of causes of action and vested rights. *Walls*, 740 So.2d at 1268-1269. "If a party acquires a right to assert a cause of action prior to a change in the law, that right is a vested property right, protected by the due process guarantees." *Church Mut. Ins. Co.,* 145 So.3d at 280-281 (quoting *Walls*, 740 So.2d at 1268). "Statutes enacted after the acquisition of such a vested property right cannot be applied so as to divest a party of his or her vested right in the cause of action because such a retroactive application would contravene due process guarantees." *Id*. (citations omitted). Once a cause of action accrues, it becomes a vested property right that may not be divested constitutionally. *Cole v. Celotex Corp.*, 599 So.2d 1058, 1063–64 (La. 1992) (citations omitted).[3]

Upon consideration, it is apparent that the issue of Act 275's retroactivity is commingled with the issue of whether the Direct Action Statute is characterized as substantive or procedural, which has varied over the years. For example, before 1950, federal courts construed the Direct Action Statute as procedural. *See Hudson v. Georgia Cas. Co.*, 57 F.2d 757, 759 (W.D. La. 1932); *Wells v. Am. Employers' Ins. Co.*, 132 F.2d 316, 317 (5th Cir. 1942); and *Bouis v. Aetna Cas. & Sur. Co.*, 91 F. Supp. 954, 959–60 (W.D. La. 1950). Beginning in 1950, however, the Louisiana Supreme Court recognized that the Direct Action Statute "confer[s] *substantive rights* on third parties to contracts of public liability insurance, which become vested at the moment of the accident in which they are injured . . ." *West v. Monroe Bakery*, 217 La. 189, 191; 46 So.2d 122, 123 (La. 1950). In the decades that followed, the Fifth Circuit followed this lead. *See*

---

[3] To be considered vested, a right "must be absolute, complete and unconditional, independent of a contingency, and a mere expectancy of future benefit . . . does not constitute a vested right." *Sawicki v. K/S Stavanger Prince,* 802 So.2d 598, 604 (La. 2001) (citation omitted).

*McDermott v. Crown Zellerbach Corp.*, 418 F.2d 598, 601 (5th Cir. 1969) (the Direct Action Statute "gives the injured party an immediate right of direct action against the insurer of the party responsible for the injuries."); *Auster Oil & Gas, Inc. v. Stream*, 891 F.2d 570, 577–78 (5th Cir. 1990) (third-party rights under the Direct Action Statute vest at the time of injury); *McAvey v. Lee*, 260 F.3d 359, 369 (5th Cir. 2001).

More recently, however, the Louisiana Supreme Court has characterized the Direct Action Statute as providing a procedural right of action against the insurer. *Soileau v. Smith True Value & Rental*, 144 So.3d 771, 780 (La. 2013); *Cacamo v. Liberty Mut. Fire Ins. Co.*, 764 So.2d 41, 43 (La. 2000) (the Direct Action Statute is designed to grant a procedural right of action against an insurer); *Descant v. Administrators of Tulane Educ. Fund*, 639 So.2d 246, 249 (La. 1994) (direct action statute does not create an independent cause of action against the insurer); *Dumas v. U. S. Fid. & Guar. Co.*, 241 La. 1096, 1117–18; 134 So.2d 45 (1961) (the injured party's procedural right of direct action against the insurer is purely remedial and ancillary to their substantive cause of action against the tortfeasor).

Relying on this latest interpretation of the statute, most every court to have considered the issue has held that the Direct Action Statute provides the injured third party with a procedural right of action against the insurer that does not vest or accrue until the third party actually invokes the remedy.[4]   In the wake of this nigh-unanimous weight of authority, the undersigned

---

[4] *See Hurel v. Nat'l Fire & Marine Ins. Co.*, 414 So.3d 778, 786 (La. App. 4th Cir. 2025); *Baker v. Amazon Logistics, Inc.*, 751 F.Supp.3d 666, 671–73 (E.D. La. 2024) (plaintiffs' procedural right of action did not become a vested property right until they sought to join the insurer to the suit); *Smith v. Fortenberry*, Civ. Action No. 24-1647, 2024 WL 4462332, at *4–5 (E.D. La. Oct. 10, 2024) (plaintiff's cause of action against the insured became a vested right at the time she brought suit against the insurer); *Taylor v. Elsesser*, Civ. Action No. 24-2888, 2025 WL 471807, at *4–5 (E.D. La. Feb. 12, 2025) (plaintiff's right under the Direct Action Statute is vested only

9

is compelled to find that Plaintiffs' cause of action against Canal did not vest or accrue until they commenced the instant suit. Therefore, Act 275 does not retroactively deprive Plaintiffs of a vested right or a constitutionally protected property interest.5 Furthermore, as a procedural statute, Act 275 may be applied retroactively. LA. CIV. CODE ART. 6.

In any event, even if, pursuant to *West* and its progeny, Plaintiffs' cause of action against Canal accrued and vested at the time of injury (rather than when suit was filed), that does not change the outcome here. While under this interpretation of the Direct Action Statute, Act 275 potentially applies retroactively to modify the effects of a right already acquired, it represents a permissible procedural change in the law.

As contemplated by Article 6 of the Civil Code, "[s]ubstantive laws establish new rules, rights and duties or change existing ones." *Segura v. Frank*, 630 So.2d 714, 723–24 (La. 1994) (citations omitted). Procedural laws, however, "prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws." *Id*.

It is manifest that the Direct Action Statute is multi-faceted legislation that establishes a "substantive right, a remedial action, and a joinder procedure." *McAvey*, 260 F.3d at 370–71.

---

when the plaintiff files suit); *Tridico v. Allianz Underwriters Ins. Co.*, Civ. Action No. 24-0302, 2025 WL 1244855, at *5 (M.D. La. Apr. 22, 2025) (noting that Louisiana Supreme Court has "consistently" interpreted the Direct Action Statute to be a procedural law); *Landry v. Great Am. Ins. Co.*, Civ. Action No. 24-0039, 2025 WL 2205155, at *4 (W.D. La. July 17, 2025), *R&R adopted,* 2025 WL 2201381 (W.D. La. Aug. 1, 2025) (plaintiff's claim against the tortfeasor's insurer was barred because she did not assert her procedural right against the insurer until after the effective date of Act 275); *Racca v. R U R Transp. Inc.*, Civ. Action No. 24-1513, 2025 WL 2538934, at *1–2 (W.D. La. Aug. 19, 2025), *R&R adopted,* 2025 WL 2534040 (W.D. La. Sept. 3, 2025) (applying Act 275 to pre-amendment accident where injured plaintiff did not file suit until after effective date of amendment).

5 Therefore, the Court need not discuss Defendants' contention that Plaintiffs failed to include their due process argument in a pleading and to serve it on the Attorney General.

In other words, it contains both substantive and procedural elements.[6]   As relevant here, Act 275 modifies the circumstances when a third party may bring a direct action against the insurer. Prior to the amendment, Plaintiffs could have sued Canal directly at the same time that they initiated suit against the insured.   After the effective date of Act 275, however, Plaintiffs could not sue Canal directly unless and until it became necessary for the purpose of entering final judgment or enforcing a settlement.   See discussion, *supra*.

In short, Act 275 changes the method and timing of Plaintiffs' direction action against Canal.   As applicable here, Act 275 represents a procedural change in the law that may be applied retroactively without divesting Plaintiffs of their cause of action against Canal.   See *Segura*, 630 So.2d at 723–24 (application of the amendment did not disturb plaintiff's vested right in cause of action because it only altered the order of recovery without disturbing plaintiff's right to recover); *Keith v. U.S. Fid. & Guar. Co.*, 694 So.2d 180, 183 (La. 1997) (amendment requiring quantification of employer fault reflected a method for enforcing a substantive right, which was procedural and subject to retroactive application).

Because Plaintiffs did not file suit until after the effective date of the amendment, Act 275 applies to bar assertion of their claim against Canal, *at the present time*.   However, it may be appropriate for Plaintiffs to join Canal later in the case; therefore, the recommended dismissal

---

[6] "Clearly that part of the Act which gives a right of action direct against the insurer is substantive.   Just as clearly . . . that part which provides that the action may be brought against either the insurer alone or against both the insured and the insurer jointly is procedural . . ." *Elbert v. Lumberman's Mut. Cas. Co.*, 202 F.2d 744, 745–46 (5th Cir. 1953) (dissent).

is without prejudice.[7]  *See Racca*, 2025 WL 2538934, at *2 (recommending insurer be dismissed without prejudice).

**III.    Motion to Strike**

    a)    <u>Standard</u>

Motions to strike are governed by Rule 12(f), which authorizes a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Motions to strike are disfavored and infrequently granted." *U.S. v. Cushman & Wakefield, Inc.*, 275 F. Supp.2d 763, 767 (N.D. Tex. 2002) (*citing Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962)). As the Fifth Circuit has noted:

> [p]artly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. * * * It is a drastic remedy to be resorted to only when required for the purpose of justice. * * * The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

*Augustus*, 306 F.2d at 868 (citing *Brown v. Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953)).

    b)    <u>Discussion</u>

Act 275 further amended the Direct Action Statute to provide that,

> (a) An insurer shall not be included in the caption of any action brought against the insurer pursuant to this Section. The action shall instead be captioned only against the insured defendant or other noninsurance defendants.
>
> (b) A court shall not disclose the existence of insurance coverage to the jury or

---

[7] Albeit, because the recommended disposition of the instant motion resolves fewer than all claims and parties it remains subject to revision at any time before conclusion of the case. FED. R. CIV. P. 54(b). Consequently, even a dismissal "with prejudice" effectively will operate as a dismissal "without prejudice."

mention such coverage in the jury's presence unless required by Code of Evidence Article 411.

LA. R. S. § 22:1269B(4)(a)-(b). Citing the foregoing provisions, Defendants seek an order striking from the record "the claims against Canal, and Canal's identification in the caption of the lawsuit[.]" [doc. #9, p. 4].

First, in the most general sense, the Court's record is public, and, under the Federal Rules of Civil Procedure, the public record is not redacted in this way, even if it is later determined that a party and claims against it are to be dismissed. Further, a motion to strike is not the proper vehicle to prohibit dissemination of information to the jury. Rather, that issue may be raised prior to trial via motion or as part of the discussion of foreseeable issues at the pre-trial conference.

Accordingly, Defendants have not established that the drastic remedy of striking allegations is necessary for the purpose of justice. Defendants' motion to strike is DENIED.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that Defendants' Rule 12(b)(6) motion to dismiss [doc. # 9] be GRANTED, and that Plaintiffs' claims against Defendant, Canal Insurance Company, be DISMISSED, without prejudice. FED. R. CIV. P. 12(b)(6).

IT IS FURTHER ORDERED that Defendants' motion to strike [doc. # 9] is DENIED.[8]

---

[8] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal/objection must be made to the district judge in accordance with Rule 72(a).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 9th day of October, 2025.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE